**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GILLIE GARCIA,

Plaintiff,

v.

No.
(removed from: 2nd Judicial District Court,
Bernalillo County, D-202-CV-2024-05770)

FUN EATS AND DRINKS, LLC,
CRAFT REPUBLIC BAR & GRILL,
MICHAEL R. KELLY, Individually and in his
Official Capacity, and DAVID E. BROUILLETTE,
Individually and in his Official Capacity,

Defendants.

**NOTICE OF REMOVAL**

Defendant Fun Eats and Drinks, LLC ("Defendant"), by and through its attorneys, Rodey, Dickason, Sloan, Akin & Robb, P.A., hereby removes this lawsuit to the United States District Court for the District of New Mexico, and as grounds therefore states as follows:

**I. Background and Procedural Prerequisites for Removal.**

1. Plaintiff Gillie Garcia ("Plaintiff") commenced this action in the Second Judicial District Court, County of Bernalillo, State of New Mexico, Civil Action No. D-202-CV-2024-05770, by the filing of Plaintiff's "Complaint for Negligence, *Respondeat Superior*, and Punitive Damages" on July 16, 2024 ("Complaint"). Copies of all pleadings filed in that action are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

2. Plaintiff served the Complaint on Defendant Fun Eats and Drinks, LLC by mail on August 6, 2024. *See* **Exhibit A**, Summons with Return of Service to Defendant Fun Eats and Drinks, LLC.

3. This Notice of Removal is filed in this Court within 30 days of service of the initial pleading in the case on Defendant Fun Eats and Drinks, LLC and within one year of commencement of this action. *See* 28 U.S.C. §§ 1446(b)(2)(B); (c).

4. The state court in which this action was commenced is within this Court's district. Venue is therefore proper under 28 U.S.C. §§ 111 and 1441(a).

## II. This Court Has Diversity Jurisdiction Over This Action.

5. This action is properly removable to federal court pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between all properly joined parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. The Proper Parties to this Action are Citizens of Different States.

6. The Complaint alleges that Plaintiff is a citizen of the State of Arizona. *See* **Exhibit A**, Compl. at ¶ 1.

7. The Complaint also correctly alleges that Defendant Fun Eats and Drinks, LLC is a foreign corporation with its registered agent within New Mexico. *See id.* at ¶ 2. Defendant Fun Eats and Drinks, LLC is actually incorporated in the State of Wyoming with its principal place of business in the State of California. *See* **Exhibit B**, New Mexico Secretary of State Corporation Search. Accordingly, Defendant Fun Eats and Drinks, LLC is a citizen of Wyoming and California. *See* 28 U.S.C. § 1332(c)(1).[1]

8. The Complaint further alleges that Defendant Michael R. Kelly is a resident of the State of Florida. *See* **Exhibit A**, Compl. at ¶ 4.

---

[1] Defendant Craft Republic Bar & Grill is not a legal entity, and therefore, has no state of incorporation of principal place of business. It is simply a d/b/a of Fun Eats and Drinks, LLC.

9. Finally, the Complaint alleges that Defendant David E. Brouillette is a resident of the State of New Mexico. *See* **Exhibit A**, Compl. at ¶ 5.

10. Plaintiff is therefore a citizen of a different state than Defendants.

11. Pursuant to 28 U.S.C. §§ 1332 and 1441, there is complete diversity of citizenship between Plaintiff and Defendants.

**B. The Amount In Controversy Exceeds $75,000**

12. This case meets the amount in controversy threshold set forth in 28 U.S.C. § 1332(a) as this lawsuit represents a "civil action[] where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

13. The amount in controversy for removal jurisdiction normally is determined by reference to allegations in the plaintiff's complaint. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Where a state rule of procedure provides that the amount of damages may not be included in the complaint, *see* Rule 1-008(A)(3) NMRA, then "the notice of removal may assert the amount in controversy." 28 U.S.C. §§ 1446(c)(2)(a). In that instance, the Court must examine the facts existing at the time of removal and determine whether those "establish the jurisdictional amount by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The Court may look to the substance and nature of the damages described in the pleadings. *McPhail v. Deere*, 529 F.3d 947, 955-56 (10th Cir. 2008).

14. Although Plaintiff's Complaint does not demand a specific sum, it can be assumed on the basis of Plaintiff's claims that the amount in controversy well exceeds $75,000. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Plaintiff seeks compensatory damages for injuries, as well as punitive damages. *See* **Exhibit A**, Compl. at ¶¶ 17, 21. These alleged damages surely exceed $75,000.

15. Defendant denies Plaintiff's contentions and all liability, and specifically denies that Plaintiff is entitled to any damages whatsoever.

16. However, at the present time, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Because this case is also between citizens of different states, it is within the original jurisdiction of the United States District Court. *See* 28 U.S.C. §§ 1332, 1441.

**C. Non-Waiver of Defenses**

17. By filing this Notice of Removal, Defendant does not waive any available defenses, including, but not limited to, those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) ("On removal, a defendant brings its defenses with it to federal court."); *id*. (collecting cases); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2019) ("A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections."); 17 James Wm. Moore, *Moore's Federal Practice* § 111.36[5][b] (3d ed. 2019); *see also Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N. M. 2005) ("[R]emoving an action from state to federal court does not waive a defendant's defense of lack of process or lack of service of process.").

18. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Notice, Defendant will give written notice of the filing thereof to Plaintiff and will file a copy of the notice with the Clerk of the Second Judicial District Court in the County of Bernalillo, New Mexico, from which this action was removed.

WHEREFORE, Defendant respectfully removes this action from state court into this Court for trial and determination.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By *    /s/ Juan M. Marquez*
Charles J. Vigil
Juan M. Marquez
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
cvigil@rodey.com
jmarquez@rodey.com
*Attorneys for Defendant Fun Eats and Drinks, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and served all parties or counsel of record via electronic mail, as follows:

Richard Sutten: richard@suttenlaw.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By * /s/ Juan M. Marquez*
Juan M. Marquez