IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GILLIE GARCIA,

    Plaintiff,

v.                                                                     Case No. 2:24-cv-00886-MLG-DLM

FUN EATS AND DRINKS, LLC,
CRAFT REPUBLIC BAR & GRILL,
MICHAEL R. KELLY,
Individually and in his Official Capacity,
DAVID E. BROUILLETTE,
Individually and in his Official Capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
<u>PLAINTIFF'S MOTION TO REMAND</u>**

In July 2024, Plaintiff Gillie Garcia commenced this action in the Second Judicial District Court, Bernalillo County, New Mexico. *See generally* Doc. 1-1. Defendant Fun Eats and Drinks, LLC removed this case on September 5, 2024 to the United States District Court for the District of New Mexico on the basis of diversity. *Id.* at 2. About a week later, Fun Eats filed an Amended Notice of Removal. Doc. 4. And on October 1, 2024, United States Magistrate Judge Damian L. Martinez found that "Defendants established diversity jurisdiction and [that the] Amended Notice of Removal [would be] the operative pleading." Doc. 8. On February 24, 2025, Garcia filed a motion to remand ("Motion") the case to state court.[1] Doc. 20.

---

[1] Technically, Garcia moves to remand this case because of a lack of diversity. Doc. 20 at 2 ("Because at least one Defendant (Brouillette) is a New Mexico citizen, diversity jurisdiction no longer exists, and this case must be remanded to New Mexico state court."). But as shown in the Amended Notice of Removal, Doc. 4 at 1-4, and explicitly recognized by Magistrate Judge Martinez, Doc. 8, the parties are completely diverse and the amount in controversy exceeds $75,000. Thus, the Court finds that Garcia's Motion cannot succeed on the argument that the Court lacks diversity jurisdiction.

1

## ANALYSIS

Fun Eats removed this case to this district after forum defendant David E. Brouillette was joined but before he was served. Doc. 22 at 3-4. At first blush, Fun Eats's removal potentially violates the forum-defendant rule.[2] That decree provides that if any forum defendants have been properly joined and served in a civil action that is removable only because of diversity, then Section 1441(b)(2) prohibits it from being removed to federal court. *Smith*, 2024 U.S. Dist. LEXIS 170723, at *4-5. But as at least ten federal circuit courts of appeals (including the Tenth Circuit) have held, the forum-defendant rule is not jurisdictional and can thus be waived if not timely raised. *McAnulty v. Standard Ins. Co.*, 81 F.4th 1091, 1094 n.3 (10th Cir. 2023) ("[T]he forum-defendant rule is not jurisdictional and is waived if, as here, it is not timely raised." (citations omitted)); *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc) ("Nine other circuits have addressed whether the forum-defendant rule is jurisdictional in nature. All of them have held that violation of the rule is a nonjurisdictional, and thus waivable, removable defect. We now . . . conclude that violation of the forum-defendant rule is a nonjurisdictional defect in removal that is waived if not raised in '[a] motion to remand made within 30 days after the filing of the notice of removal.'" (quoting § 1447(c)) (citations and ellipses omitted)).

---

That being said, Fun Eats construes Garcia's Motion to "not really [be] claiming that the remaining Parties are not diverse, but rather, that because Mr. Brouillette is a citizen of New Mexico and has now filed an Answer to the Complaint, the 'Forum Defendant Exception' under 28 U.S.C. § 1441(b)(2) requires that this matter be remanded to state court." Doc. 22 at 3-4. The Court briefly asks and answers in the negative if the forum-defendant rule demands that this case be remanded.

[2] The Court uses the word "potentially" because whether removal to this district violates the forum-defendant rule depends on where one stands on snap removal, a process whereby a non-forum co-defendant removes a case to federal court after the forum co-defendant has been joined but before he has been served. *See Smith v. Christmas*, No. 1:24-cv-00625, 2024 U.S. Dist. LEXIS 170723, at *5-6 (D.N.M. Sept. 20, 2024). The Court disposes of Garcia's motion, Doc. 20, without opining on the propriety of snap removal.

Taken together, these holdings obligate Garcia to file his motion to remand raising the forum-defendant rule within the thirty-day period prescribed by statute. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). And given that Garcia missed this deadline by four to five months, he waived the potential nonjurisdictional defect. *Compare* Doc. 1 (Fun Eats's first Notice of Removal filed September 5, 2024), *and* Doc. 4 (Fun Eats's Amended Notice of Removal filed September 13, 2024), *and* Doc. 8 (Magistrate Judge Martinez's order finding on October 1, 2024, that "Defendants established diversity jurisdiction and considers the Amended Notice of Removal [Doc. 4] to be the operative pleading"), *with* Doc. 20 (Garcia's Motion to Remand filed February 24, 2025, i.e., approximately six months after Fun Eats filed its first Notice of Removal, about five and a half months after Fun Eats filed its Amended Notice of Removal, and slightly less than five months after Magistrate Judge Martinez found diversity jurisdiction established). Accordingly, Garcia's motion to remand must be denied.

## CONCLUSION

In sum, Garcia failed to timely raise the potential violation of the forum-defendant rule (thereby waiving that nonjurisdictional ground for remand), and there is complete diversity. The Court therefore denies his motion to remand, Doc 20.

It is so ordered.

                                          UNITED STATES DISTRICT JUDGE
                                        MATTHEW L. GARCIA